MANDERS ET AL., APPELLANTS, v. CRAFT, APPELLEE.

1. PLEADING—REPETITION.
The code prohibits unnecessary repetition, but does not prohibit repetition entirely.

2. PLEADING—DISCRETION.
A motion to compel the plaintiff to elect upon which of two counts in a complaint for the same cause of action he will proceed, is addressed to the discretion of the court.

3. BROKER'S COMPENSATION.
An agent acting for both parties, for each without the knowledge of the other, can collect commissions from neither, but this rule is applicable only to agent *stricti juris*, and not to middlemen.

*Appeal from the District Court of Arapahoe County.*

Messrs. HARTZELL & PATTERSON, for appellants.

Mr. ELLERY STOWELL, for appellee.

REED, J., delivered the opinion of the court.

The action was brought by appellee to recover commissions alleged to have been earned as a real estate agent in the exchange of a ranch property in the vicinity of Ogden, Utah, for property in the town of Ogden. The case was tried to the court, resulting in a judgment for plaintiff for $662.50, from which an appeal was taken.

Appellants contend, first, that the court erred in overruling defendants' motion to compel plaintiff to elect upon which of the two counts contained in the complaint he would proceed, second, that the testimony showed that appellee was employed by and received a commission from the other party which legally precluded him from recovery against the defendants. Both counts were for the same cause of action. The first, a *quantum meruit*, alleging the employment for which he was to receive a reasonable compensation, and that the services were worth $712.50. The second, that the value of the prop-

erty sold was $26,000, on which he was to receive a regular commission, and that such commission amounted to $712.50. This may also be considered in the nature of a *quantum meruit.* No price was fixed that he was to receive for his services. The transaction was not a sale but an exchange, and it depended upon proof of a general custom and proof of the percentage—also, of the value of the properties exchanged. The contention is based upon sec. 49 of the Civil Code, as follows: " The complaint shall contain a statement of the facts constituting the cause of action in ordinary and concise language without unnecessary repetition."

In Mr. Boone's work upon Code Pleading, sec. 16, it is said: " The facts constituting each cause of action must be concisely stated, without unnecessary repetition. Counts in pleading, technically speaking, are entirely unknown to the code system, and the plaintiff is restricted to a single statement of his cause of action. Thus, a plaintiff is not allowed to set forth, in different counts, in his complaint, several distinct causes of action against the defendant for the same indebtedness. If the complaint contains but one cause of action, there can be but one statement of it. The facts cannot be subdivided so as to present, fictitiously, two or more causes of action."

In Bliss upon Code Pleading, sec. 119, occurs the following: " But it is generally required that the different statements of a complaint under the code should contain causes of action different in fact. The statute requires that the facts shall be stated without repetition, or unnecessary repetition. With a few exceptions, this requirement is held to forbid a duplicate statement, in different form, of the same cause, and if such statements are made, the plaintiff will be required to elect upon which to go to trial, or the court will strike out all but the first statement."

In Boone, the rule is stated much stronger than the decisions warrant. The words without " unnecessary repetition " would, of themselves, in many instances, modify the rule as stated. What is and was is not unnecessary repetition must,

of necessity, be determined by the court. The obvious inten-
tion of the system of code pleading is that it shall be more
equitable than that of the common law. To so construe it as
to render it more restrictive would defeat the intention. In
Bliss it will be observed that the rule is considerably modi-
fied. The language is: " But it is generally required," show-
ing that it is not regarded as arbitrary and mandatory, but
that there are many exceptions, and this is supported by the
context of sec. 119 and subsequent sections.

In *Plummer v. Mold*, 22 Minn. 16, it was said: " On the
trial the court required the plaintiffs to elect whether they
would rely upon the special contract alleged in the complaint
or the value alleged. In *Hawley v. Wilkinson*, 18 Minn. 525,
this was held to be in the sound discretion of the court, and
we adhere to the rule there laid down." See also *Birdseye
v. Smith*, 32 Barb. 217 ; *Snyder v. Snyder*, 25 Ind. 399 ;
*Stearns v. Du Bois*, 55 Ind. 257 ; *Whitney v. Chi. & N. W.
R. Co.*, 27 Wis. 327.

The statute prohibits unnecessary repetition, but does not
prohibit repetition entirely. *Jones v. Palmer*, 1 Abb. Prac.
Rep. 442; *Pearson v. Mil. & St. P. R. Co.*, 45 Iowa, 497.

There may be, and undoubtedly are, many cases where the
party should be required to elect, where one count is a *quan-
tum meruit*, and the other of a specific contract to pay a cer-
tain sum designated, both should not stand. There are also
many cases where the arbitrary application of the rule would
prevent justice. It would seem, that to leave to the discre-
tion of the court to determine whether or not the repetition
is unnecessary is the better interpretation of the law. In
this case it cannot be said that the discretion was abused;
hence, no error was committed in refusing the motion.

The second contention cannot be sustained. It is true,
and the rule of law is well settled, that an agent acting for
both parties, for each without the knowledge of the other,
can collect commissions from neither, and it rests upon a
principle of sound public policy, that the party cannot be at
the same time both seller and purchaser—the duties are in-

compatible. It is the object of the seller to get all he can, of the purchaser to buy as cheaply as possible. But this rule is only applicable to agents *stricti juris*, not to middlemen. *Finnerty v. Fritz*, 5 Colo. 176; *Stewart v. Mather*, 32 Wis. 344; *Shepherd v. Heddin*, 29 N. J. L. 334; *Mullen v. Keitzleb*, 7 Bush. (Ky.) 253; *Anderson v. Weiser*, 24 Iowa, 430; *Merriman v. David*, 31 Ill. 404.

In this case there was, technically, no purchase or sale; no money passed. It was an exchange of one kind of real estate for another. With the prices, details and trade the agent had nothing to do, and the arrangement was that he should not have. His sole action and employment terminated with bringing the parties together, which he did. The trade was made by the principals, consequently, the agent is not obnoxious to the charge of double employment under the law. There was nothing in the relation of the agent to either to prevent compensation from both, if both agreed to pay. That they did is found as a fact by the trial court, and although the evidence was rather unsatisfactory and conflicting, we do not feel at liberty to question the finding.

The judgment will be affirmed.

*Affirmed.*