George Follett and Others, Respondents, *v.* The Brooklyn Elevated Railroad Company and The Union Elevated Railroad Company, Appellants.

*Election — plaintiff cannot be compelled to elect whether he will try his action as one for a nuisance or as one to restrain continuing trespasses — transfer by a cestui que trust pendente lite.*

Where an action is brought against elevated railroad corporations for the taking of the plaintiff's easements of light, air and access, and the complaint states the facts upon which the plaintiff's rights depend, the defendants cannot compel the plaintiff to elect whether he will try the cause as a legal action to restrain the continuance of a nuisance or as an equitable action to prevent continuing trespasses.

Where the original action was brought by the plaintiffs as trustees of an express trust and a supplemental complaint is filed two years later by which it appears that the rights of the *cestui que trust* have been relinquished to the trustees, such

a transfer, *pendente lite*, does not affect the merits of the action nor destroy the right of the plaintiffs to recover.

The only difference in the situation is that under the original complaint the plaintiffs would be liable to account to the beneficiary for the proceeds of the judgment, while under the supplemental complaint they are freed from such a liability.

APPEAL by the defendants, The Brooklyn Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 6th day of July, 1895, upon the decision of the court rendered after a trial at the Kings County Special Term.

This is a suit in equity brought to restrain the defendants from maintaining and operating a street railway in front of plaintiffs' premises, and to recover damages resulting therefrom.

*Henry L. Scheuerman*, for the appellants.

*Benjamin B. Kenyon* and *Woolsey Carmalt*, for the respondents.

PRATT, J.:

At the opening of the trial, defendants moved that plaintiffs be compelled to elect whether they would try the cause as for a continuing trespass or as for a nuisance.

The motion was properly denied. Under our present system parties are allowed to plead the real facts. What benefit will result from that liberality if upon the trial the party may not prove the facts as pleaded. A party has an absolute right to plead and prove the facts upon which his rights depend; to prove them all, and to prove them as they took place. The determination of the rights that flow from those facts is the duty of the court, which cannot properly be transferred to the party. The only motive conceivable for urging such a motion is a hope that the party might make an unwise election to the detriment of his rights. To compel a party to take a position involving such a peril would be an abuse of discretion which would speedily be corrected by an appellate court.

The principal objection urged against the judgment is that the transfer *pendente lite* destroyed the right of plaintiffs to recover rental damages.

The action was originally brought by the plaintiffs as trustees of an express trust. Two years afterwards a supplemental complaint is filed by which it appears that the rights of the *cestui que trust* have been relinquished to the trustees. In this there is nothing that affects the merits of the action, nor the rights of the plaintiffs to recover. In the one case the plaintiffs would be liable to account for the fruits of the judgment. In the other they are free from such liability. The only concern the defendants have with the question is that they be not compelled to pay their debt twice. To that danger they are not exposed.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.