[No. 2336.]

The Crissey & Fowler Lumber Company et al. v.
The Denver & Rio Grande Railroad
Company et al.

**1.   Pleading—Separate Counts.**

The duplicate statement of the same cause of action and the same facts in different counts is usually bad pleading, but a party has a right to plead and prove all the facts upon which his rights depend, and where separate counts, although alleging but a single cause of action, are based upon different statements of fact, the separate statements being alleged for the purpose of meeting the exigencies of the proofs, the pleader should not be deprived of the privilege of proving any facts upon which he bases his right of recovery by compelling him to elect upon which count he will proceed.

**2. Same—Railroads—Negligence—Damage by Fire—Statutory and Common-Law Liability.**

In an action against a railroad company to recover damages for property destroyed by fire, where plaintiff in one count alleged a statutory liability without reference to the question of negligence, and in another count alleged a common-law liability based wholly upon defendant's negligence, the complaint stated two distinct causes of action, and it was prejudicial error to compel plaintiff to elect upon which count he would proceed, and to strike the other count from the complaint.

**3. Pleading—Separate Counts—Railroads—Negligence—Damage by Fire.**

In an action against a railroad company to recover damages for property destroyed by fire, the complaint contained one count predicated solely upon the defendant's negligence in causing and setting out a fire upon its right of way, and in and about its depot and platform, and in negligently causing and permitting it to escape from its right of way to plaintiff's property. Another count charged a liability for the results of fire caused in the operation of defendant's line of road, and specified various alleged negligent acts in such operation, particularly the dangerous condition of the right of way at the place where the fire originated by permitting inflammable and combustible material to accumulate thereon, by which the fire was communicated to plaintiff's property, and the negligent construction of defendant's depot and platform, and a failure to provide and maintain suitable appliances to extinguish fire. Another count alleged the negligent placing and leaving of a car of powder on defendant's tracks in its yards in violation of a city ordinance, and the negligent failure to remove the car of powder from its exposed position when the fire originated, whereby the firemen of the city were deterred and prevented from extinguishing the fire. Held, that the different counts are not repetitions of the same facts so as to be obnoxious to the code provision prohibiting unnecessary repetition, and that it was prejudicial error to require plaintiff to elect one count upon which to proceed and to strike the others from the complaint.

**4. Same—Statutory and Common-Law Liability.**

In an action against a railroad company to recover damages for property destroyed by fire where the complaint alleged a statutory liability and a common-law liability in separate counts, and plaintiff was compelled to elect upon which count to proceed, and having elected to proceed upon the common-law count was permitted to amend it so as to include the allegations of a

statutory liability, a ruling of the court restricting plaintiff to the common-law remedy was prejudicial error.

**5.  Railroads—Negligence—Damage by Fire—Evidence.**

In an action against a railroad company to recover damages for property destroyed by fire where, in addition to the allegation of negligence in operating the road and starting the fire, plaintiff alleged negligence in permitting inflammable and combustible material to accumulate and remain upon the right of way, whereby the fire was communicated to plaintiff's property, and during several days of the trial plaintiff was not permitted to introduce any evidence as to the dangerous condition of the right of way, although such testimony was offered, the court ruling that plaintiff was restricted in its right of recovery to a showing of negligence in the defective construction or careless handling of defendant's locomotives, such ruling of the court was prejudicial error, and its prejudicial effect was not cured by the court subsequently ruling otherwise and permitting the evidence to be introduced.

**6  Same.**

In an action against a railroad company to recover damages for property destroyed by fire, testimony as to the condition of an engine belonging to defendant, and which was shown to have passed on the track close to the place where the fire originated a few minutes before its discovery, by a witness who examined the engine a week or two weeks after the fire, was admissible, and its exclusion was error.

**7.  Same.**

In an action against a railroad company to recover damages for property destroyed by fire, where the only engine that could have set the fire was identified, evidence of the setting out of fires at other times and places by other engines belonging to defendant was properly excluded.

**8.  Insurance—Subrogation—Statutory Liability.**

Where property which is insured is destroyed by fire under such circumstances that the owner has an action for damage against the person causing the fire, and the owner collects the insurance, the insurance company may be subrogated to the right of the owner to an action against the person responsible for the fire, whether the right of action be statutory or at common law, but where the action is statutory it must be brought in the name of the owner.

**9.  Railroads—Negligence—Damage by Fire—Evidence.**

In an action against a railroad company to recover damages for property destroyed by fire, the fact of the origin of the fire

should be established like any other material fact in the case. The jury within certain limits may be permitted to infer the fact upon circumstances proved, but such proof should be amply sufficient to rebut the probability of the fire having originated in any other way, considering the facts, circumstances and conditions of the particular case, as disclosed by the evidence.

*Appeal from the District Court of El Paso County.*

Mr. Sylvester G. Williams, Mr. R. W. Barger and Mr. George Gardner, for appellants.

Messrs. Wolcott & Vaile and Mr. William W. Field, for appellee, The Denver & Rio Grande Railroad Company.

Wilson, P. J.

This suit grew out of a fire at Colorado Springs on October 1, 1898, which destroyed a large amount of property. Among other victims was The Crissey & Fowler Lumber Company, who, it is alleged, lost a large amount of lumber and building materials then being in a lumber yard maintained by them, lying not far distant from the tracks of the defendant railroad company. It is claimed that the fire originated in the freight yards of the defendant railroad company at or about its freight depot, through the negligence of said defendant, and the plaintiff seeks to make it liable for the loss incurred. The property of the lumber company was partially insured. The several amounts of this insurance having been paid, the insurers so paying claim to be subrogated to the extent of such payments to the rights and claims of the lumber company against the defendant railroad company, if any, and hence are made coplaintiffs with the lumber company, the owner of the property destroyed.

The complaint sets out the cause or causes of action in four counts. The first count proceeds ex-

clusively upon the theory of statutory liability. It charges a liability independent of any question of negligence, alleging that the fire which occasioned plaintiff's loss was set out or caused by the defendant railroad company in the operation of its line of railroad. It is predicated upon what is generally known as the railroad fire statute, which reads as follows: "Every railroad corporation operating its line of railroad or any part thereof shall be liable for all damages by fire that is set out or caused by operating its line or any part thereof, and such damages may be recovered by the party damaged by proper action in any court of competent jurisdiction."—Mills' Ann. Stats., sec. 3706; Laws 1887, p. 368, sec. 1.

In the second count, or for a second cause of action, the plaintiffs, after repeating the preliminary allegations as to the incorporation of the respective parties, and the description of the property destroyed, alleged as the cause of the loss that the defendant railroad company, its agents, servants and employees, negligently caused and set out a fire in and upon said defendant's right of way, and in and about its platforms and freight depot, and that said fire was by said defendant railroad company, its agents, servants and employees, omitting and failing to exercise due care and caution in the premises, negligently permitted and caused to escape from said right of way, platforms and freight depot, and to communicate with and ignite and destroy the property of the plaintiff lumber company; that the destruction of said property was the probable, direct and natural result of the negligence of said defendant, its agents, servants and employees, in negligently causing and setting out the fire, and in negligently causing and permitting it to escape.

The third count charges a liability upon the defendant railroad company for the results of the fire

caused in the operation of its line of railroad, and also charges that these various acts done in the said operation of its line, were negligently done by the said defendant. These acts of negligence complained of are set out in considerable detail, and embrace among other things, the alleged improper construction and maintenance of the freight depot and platforms, so that it constituted and became an unusual and dangerous receptacle for the accumulation of all manner of loose and readily combustible materials; that, by reason of such negligence, there had accumulated and were suffered to remain in and about such depot and platforms long prior to and at the time of such fire, great quantities of loose papers, straw, dried weeds, unbaled excelsior packing, and so forth, where it was constantly exposed to immediate, great and unusual danger from fire from the locomotives and engines of the defendant railroad company in the operation of its line of railroad; that such an accumulation of combustible material so negligently permitted, constituted an unusually dangerous and constant exposure of said freight depot and platforms, cars and other railroad property adjacent thereto, and the property of adjacent owners to destruction by fire; that, despite such dangerous conditions and accumulations, the defendant railroad company negligently failed to provide or maintain suitable appliances or provisions for the extinguishment of fires; that it negligently permitted its platforms about the depot to become and remain saturated with oils and other inflammable fluids. That it negligently placed and kept for an unreasonable time upon its tracks in said yard, in a dangerous and improper place, in close and dangerous proximity to its depot and platforms and such accumulations of combustible and inflammable materials, a carload of gunpowder; that said defendant negligently failed to extinguish the

fire, and after its commencement failing to remove the car of powder from its dangerously exposed position, as it was its duty to do, negligently permitted and caused the fire to communicate with the powder, whereby it was exploded, and large quantities of burning material, brands, sparks and fire were cast upon the property of the plaintiff lumber company, causing its destruction.

The fourth count or cause of action repeats the allegations in the third count as to the incorporation and character of the parties, description of the property destroyed, and also description of the alleged negligent and dangerous conditions existing in the yard at the time of the fire, and adds thereto a copy of an ordinance of the city of Colorado Springs under which it was claimed that the keeping of the car of powder in the yards at the time was in violation of law; and adds, also, an allegation to the effect that by reason of defendant railroad company's negligence in exposing said car of powder and explosive in its improper and dangerous condition and in consequence of the rapid spread of the fire in the direction of the car, consequent upon the burning of the large quantity of combustible and inflammable materials negligently permitted by said defendant to have accumulated and remained upon its right of way, the firemen of the city fire department of Colorado Springs having come upon the premises for the purpose of extinguishing the fire, were deterred and prevented by reason of the danger to their lives and limbs occasioned by the presence of said powder car in its dangerous exposure to the fire, in their endeavors to extinguish the fire, and were compelled, in order to secure their personal safety, to cease their efforts and withdraw from the premises.

The defendant railroad company interposed a demurrer to the entire complaint upon the ground

that it did not state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible and uncertain, and also upon the same grounds demurred separately to each of the several alleged causes of action, separately set forth in the four several counts.  These being overruled, the defendant railroad company answered separately the several causes of action, denying each and every allegation therein except the allegations as to its incorporation and the ownership and operation by it of a line of railroad through the city of Colorado Springs at the date charged.

At the trial, before any evidence was introduced, defendant railroad company moved the court to compel plaintiffs to elect upon which count of the complaint they would proceed.  This motion was sustained, and the plaintiffs reserving their exception, elected to stand upon the third count, which, however, by leave of the court, they were permitted to amend by interlineation, so as to allege more specifically that the fire was negligently set out by the defendant railroad company, and also that it was set out and caused in the operation of said company's road.  The other counts were stricken out.  Upon the conclusion of the testimony offered in behalf of the plaintiffs, defendant railroad company moved that the jury be instructed to return a verdict in its favor.  This motion was sustained on the ground, as stated by the court, that the origin of the fire had not been satisfactorily proven.

1.  In pleading at common law, a second count might embody a new cause of action, or be a statement in different form, of a single cause already declared on.  Under the code practice different causes of action must still be separately stated, but it is generally required that the different statements or counts should contain causes of action different in

fact, the code requiring usually that a complaint shall contain a statement of the facts constituting the cause of action without repetition, or sometimes, as in the language of our code, without unnecessary repetition. This rule, however, is by no means ironclad, and is subject to many exceptions, sometimes depending upon the nature of the statutory provisions. It may be said generally, however, that the code practice discourages at least the insertion in a complaint of a second count which contains the same cause of action and statement of facts set forth in a different cause. A duplicate statement of the same cause of action and of the same facts in other words, is not usually good pleading.—Bliss on Code Pleading, § 119. If a complaint is supposed to be obnoxious to this rule, the proper proceeding on the part of the defendant is a motion requiring the plaintiff to elect upon which count or statement he will go to trial. It is impossible from the very nature of the case to lay down any fixed specific rule which should in all cases control the trial court in its determination whether such motion should be sustained or denied. It would seem, and it has been so held by this court, to be the better rule that the matter be left to the discretion of the trial court, regulated and controlled by the circumstances of the particular case in which the motion is made.—*Manders v. Craft,* 3 Colo. App. 238. The exercise of that discretion, however, would of course be subject to review by the appellate courts, and its abuse would be ground for reversal.

In *Follett et al. v. Railway Co. et al.,* 36 N. Y. Supp. 200, it was said in reference to a motion of this character: "The motion was properly denied. Under our present system, parties are allowed to plead the real facts. What benefit would result from that liberality, if, upon the trial, the party may not prove the facts as pleaded? A party has an absolute

right to plead and prove the facts upon which his rights depend—to prove them all, and to prove them as they took place. The determination of the rights that flow from those facts is the duty of the court, which cannot properly be transferred to the party. The only motive conceivable for urging such a motion is a hope that the party might make an unwise election, to the detriment of his rights. To compel a party to take a position involving such a peril would be an abuse of discretion which would speedily be corrected by the appellate court.''

In *Brockett v. Railway Co.*, 47 Atl. 764, the Connecticut supreme court of errors said the plaintiff was ''entitled to allege what was substantially the same fact in different forms, to meet the possible conditions of testimony. Such double allegations are improper only when plainly unnecessary, or one or the other is false, to the knowledge of the pleader.'' In that case it was said that the counsel for plaintiff was strangely mistaken in supposing that he could make two causes of action out of the injury to his client, and that the separation of his material allegations by the words ''second count'' was unwarranted and ineffective, but the trial court emphasized the fault by its error in ordering the plaintiff to elect on which count she would proceed. The practical effect of this, the court said, was to compel the plaintiff to omit an averment she was entitled to make.

In a very recent Missouri case, *Rinard v. Railway Co.*, 64 Southwestern 127, it was said, a plaintiff ''may plead a single cause of action in as many different counts as he chooses, to meet any possible state of the proofs, and this will not make his counts repugnant. * * * If any one of the counts in a petition so framed is good, it will support a general verdict. This being true, a plaintiff cannot be compelled to elect upon which count he will stand. In

the case at bar, the cause of action is single.   *   *   *
There was no error in overruling the motion to elect.''

The Colorado code provisions which are applicable to the question before us are contained in code sections 49 and 70. The latter provides that a plaintiff may unite several causes of action in the same complaint, when they arise out of any one of certain specified classes, one being all actions sounding only in damages for injuries to property, but that in all such cases it should be necessary to state separately the different causes for which the action is brought.

Section 49 provides, among other things, that the complaint shall contain ''a statement of the facts constituting the cause of action in ordinary and concise language, without unnecessary repetition.''

In *Manders v. Craft, supra,* this court, in discussing and construing this last cited section, held that the words ''without unnecessary repetition'' must of themselves in many instances modify the rule as usually laid down in general terms, and said as a reason therefor that ''the obvious intention of the system of code pleading is that it shall be more equitable than that of the common law. To so construe it as to render it more restrictive would defeat the intention. In Bliss it will be observed that the rule is considerably modified. The language is: 'But it is generally required,' showing that it is not regarded as arbitrary and mandatory, but that there are many exceptions, and this is supported by the context of section 119 and subsequent sections.   *   *   *   The statute prohibits unnecessary repetition, but does not prohibit repetition entirely.'' The court said there were many cases where a party should be required to elect, but added: , ''There are also many cases where the arbitrary application of the rule would prevent justice.''

In *Cramer v. Oppenstein,* 16 Colo. 511, the su-

preme court said in construing this same section: "Duplicate statements for the same cause of action are not absolutely prohibited. They may sometimes be necessary and therefore permissible, as where there is reasonable cause to believe that the plaintiff cannot safely go to trial upon a single statement. There may be circumstances under which the plaintiff cannot reasonably be expected to anticipate the evidence in advance of the trial."

In *Leonard v. Roberts,* 20 Colo. 90, the court said: "The code does not absolutely prohibit such pleadings, but provides simply that the facts 'shall be stated in concise language without unnecessary repetition.' It is sometimes impossible for the plaintiff to be certain in advance of the real ground of liability, and while double pleadings should be restricted within the narrowest limits possible without unnecessarily endangering plaintiff's rights, or subjecting him to the danger of a nonsuit, in this case the trial court properly refused the defendant's motion to compel plaintiff to elect upon which count he would proceed." In that case the court expressly stated, it was admitted that the cause of action was the same in both counts, the double statement being used for the purpose of meeting the exigencies of the proofs. It must be borne in mind that whatever may be the force and extent of the prohibition of a double statement of a single cause of action as contained in section 49, the unnecessary repetition which is prohibited is of the facts only, constituting the cause of action.

In *Manders v. Craft, supra,* one of the authorities cited by the opinion in support of the doctrine announced by the court was *Birdseye v. Smith,* 32 Barb. 217. In that, it was said: "Several statements of the same cause of action, substantially the same, and differing only in form, are not necessary, but

where the statements differ materially and in substance, and are not unnecessarily inserted, and cannot mislead the defendant or embarass the defense, but are only inserted from the caution which every good practitioner finds it necessary to exercise to guard against the infirmities of human memory and the defects of human testimony, I would allow them to stand as not unnecessary repetitions.''

Bliss, section 120, says: ''Affirmative provision is made for the union of different causes of action, and it is not required that they be such causes that a recovery may be had upon each; nor would the joinder be such a repetition of facts as is forbidden. The facts in the two statements would not be the same; there may be actually two grounds for the action, or, being only one, certain supposed grounds may be so connected that the plaintiff may not be able to tell in advance which will be established upon the trial. The code will have failed in its chief object if he is forbidden to develop every ground upon which he bases his right of recovery.''

2. Applying these principles, thus authoritatively announced by both the appellate courts of Colorado, and also by the highest courts of other jurisdictions in well-considered opinions, and which commend themselves to us as eminently sound and reasonable, we think it manifest that in this instance the sustaining of the motion to compel plaintiffs to elect on which of the four counts they would proceed, was an unsound exercise of judicial discretion, and was prejudicial error. Whatever may be said as to the second, third and fourth counts, whether they together constituted but one cause of action, and were merely different statements of it, it is certain that the first count stated a cause of action which was distinct and different from that set forth in any one or all of the other three. This was a statement of the

statutory liability. Under it the question of negligence was entirely eliminated. Under it the plaintiffs were entitled to recover if it were shown that their damages were occasioned by a fire that was set out or caused by the operating of defendant railroad company's line of railroad, or of any part thereof. The remaining counts, whether they set forth one or more causes of action, sought to enforce the common-law remedy of plaintiffs, and were based wholly upon the negligence of the defendant railroad company. The causes of action, therefore, were entirely different. The one entitled plaintiffs to recover on the simple showing that the fire was set out or caused by the defendant railroad company in the operation of its road. To support a recovery under the other, this was by no means sufficient. This might have been proved beyond doubt, or even conceded, but still plaintiffs would have been required to go further, and to have shown the negligence of the defendant railroad company. That the plaintiffs had a right under code section 70 to unite these two causes of action in the same complaint, is, we think, clear under all code authorities, and beyond question. In *Railway Co. v. Henderson,* 10 Colo. 2, our supreme court in construing the stock killing statute, says: "The statute is in our judgment simply cumulative. The object of the legislature was not to interfere with the owner's existing rights, but owing to the difficulty of establishing negligence, to give him additional relief." This language is, we think, equally applicable to the fire statute. Nowhere in the statutes, either within the fire statute itself, or elsewhere, is the slightest intent manifested to substitute this for the common-law remedy of a party, and entirely abolish the latter, and to so hold would in our opinion be a judicial assumption without authority or support. If, therefore, the two remedies still exist, the causes

of action arising under them can unquestionably be
united in the same complaint, because the action is
for injuries to property, and in such case, by express
provision of the code, the two causes are required to
be stated separately in the complaint.

In *Colorado Coal and Iron Co. v. Carpita,* 6 Colo.
App. 252, the doctrine which we have announced is
recognized, and the court says also that where it is
proper to join two causes of action, one under the
statute and the other at common law, ''they should
be separately stated, and each should contain enough
to show a cause of action on the theory which may
be adopted.'' We believe it therefore to be indis-
putable that the complaint in question contained at
least two dinstinct causes of action, the one statutory
and the other at common law, which might properly
be united, and which it was not only the privilege
but the duty of the plaintiffs, under the express re-
quirements of the code, to state separately.

3. As there must be a retrial of this cause,
it is not improper, and indeed, fairness to the trial
court and to counsel would seem to require, that we
should consider, briefly at least, the second, third and
fourth counts in the complaint, with reference to the
interposition of a motion requiring plaintiffs to elect
between them. Whether they may be considered as
each setting forth a distinct cause of action, or as a
statement of only one cause of action, but in different
form, we do not think they come within the prohibi-
tion of the code or of the rules of practice laid down
by our appellate courts. Considered as stating but
one cause of action, the statements are not inconsis-
tent or contradictory, are not duplicate statements,
are not repetitions of the same facts, whether neces-
sary or unnecessary. Each contains the statement of
some material fact or facts not contained in either of
the others. The second count is predicated solely

upon the negligence of the defendant railroad company, its agents, servants and employees, in causing and setting out a fire upon its right of way, and in and about its platforms and freight depot, and in negligently causing and permitting it to escape from its right of way, whereby the property of the plaintiff lumber company was destroyed. This would seem to set out a cause of action complete and perfect in itself, as well as distinct from the others. The alleged liability of the defendant railroad company was not based upon the fact that the fire was caused or set out by it solely in the operation of its line of road. The third count charges a liability against the defendant for the results of fire caused in the operation of its line of road, and also charges that the various specified acts done in the operating of its line of railroad were negligently done by the defendant. These various acts are set out in great detail, and are summarized in a preceding part of this opinion. They concern more particularly the alleged negligent and dangerous condition of the right of way at and about the place where the fire originated, and by reason and by means of which the fire was charged to have been communicated to and destroyed the property of the plaintiff lumber company. They embrace also the alleged negligent construction of the freight depot and its platforms. In this count it is also charged that defendant well knowing the dangerous condition of its right of way, negligently failed to use proper care and precautions against fire and to maintain any suitable appliances for the extinguishment of fire. The fourth count charges, among other things, that the placing of the car of powder where it was at the time of the fire was in violation of an ordinance of the city of Colorado Springs, and further, that the defendant railroad company negligently failed to remove said car of

powder from its exposed position when the fire orig-
inated, as it was its duty to do; also that by reason
of the improper placing in such an exposed condition
of the car of powder and the failure to remove it, the
fire department of the city which had come upon the
premises with their appliances for the purpose of
extinguishing the fire, were deterred and prevented
in their efforts so to do, and as they might otherwise
have done, by reason of the great peril and imminent
danger to life and limb to which the firemen were
exposed.   Each of these statements contained some
material facts alleged to constitute negligence, which
were not included in either of the others.   They were
not duplicate statements, therefore, in any sense, nor
merely repetitions in a different form of the same
facts constituting the cause of action previously de-
clared on, hence they were not obnoxious to the rule
which prohibits additional counts, where they con-
tain simply a statement of the same facts as the
others.   Nor was there anything in them which could
by any possibility have misled or embarassed the de-
fendant railroad company.

The several counts being of such a character, the
compulsory election by plaintiffs of only one upon
which to rely would necessarily cause them to lose
the benefit of some allegations as to material facts
bearing upon the question of the negligence of de-
fendant railroad company, and its subsequent lia-
bility.   The liberal provisions of the code and policy
of the code practice do not require a plaintiff to be
placed at such a disadvantage, and especially should
not, when it is manifest, as it is here, that by permit-
ting all the counts to stand the defendant could by
no means be prejudiced.   We think this clearly a case
where the plaintiffs' supposed grounds of action are
so connected, and where there are allegations of so
many different facts constituting negligence, that it

may well be said the plaintiffs were unable to anticipate what would be established by the testimony upon the trial, and hence should have been permitted to have gone to trial upon all of the four counts as set forth in their complaint. It was not obnoxious to the provisions of the code, nor to the rules of pleading as laid down by our appellate courts.

4. This error of the court in requiring plaintiffs to elect was emphasized by subsequent rulings, some clearly erroneous, and all, whether erroneous or not, manifestly prejudicial to the plaintiffs, because of the vacillating position of the court. First, the demurrer attacking separately each count in the complaint because it did not state facts sufficient to constitute a cause of action having been overruled, the court sustained the motion requiring plaintiffs to elect upon which one of these four counts, each of which had been so held to be good, they would stand, and denied their request that they be allowed to stand upon the common law and statutory causes of action. Leave was then granted to plaintiffs to amend the third count, upon which they elected to stand, by interlineation, and this they did by alleging more specifically that the fire was set out and caused in the operating of defendant railroad company's road, so as to have embraced in this third count, as contended by plaintiffs, the statutory right of action, and have sustained a recovery upon that ground, if a recovery was had. Whether this contention of plaintiffs was well founded or not, they were deprived of all benefit from the amendment so allowed by a subsequent ruling of the court during the progress of and early in the trial, to the effect that the plaintiffs would not be permitted to recover by virtue of the statute in any event, but would be restricted in their recovery, if any such might be had, to the common-law remedy, based wholly upon

the negligence of the defendant railroad company, and ruling that such negligence must be shown to have consisted in the defective construction or in the careless handling of said defendant's locomotives. Again, at first and during several days of the trial, plaintiffs were not permitted, although they offered testimony to that effect, to introduce any evidence except that relating to the actual starting of the fire. The alleged dangerous and highly inflammable condition existing on the right of way at the time of the fire might have had a material bearing in determining this question. Subsequently, the court ruled otherwise, and permitted the introduction of such evidence, but we can by no means say that this cured the error, or removed the prejudicial effects upon plaintiffs which its previous ruling tended to cause. Under the counts setting up the cause of action at common law, in any event plaintiffs might have been entitled to recover even though the fire had not been negligently set out by the defendant railroad company in the actual operation of its line of railroad. It is true that trial courts have large discretionary power as to the order of introduction of testimony, but it must be exercised so as not prejudicially to affect the rights of a party. In this instance we think this action of the court might have unfairly influenced the jury, and certainly would have so tended in connection with the previous erroneous ruling of the court, to the effect that the only negligence which would have entitled plaintiffs to recover must have consisted in the defective construction or in the careless handling of defendant railroad company's locomotives.

5. It having been alleged in the complaint as a ground of action that the defendant negligently permitted the fire to escape from its right of way, and thereby plaintiff lumber company's property

was destroyed, evidence would be admissible to support the allegations of the complaint charging the negligence of the defendant railroad company in permitting large masses of combustible and highly inflammable material to accumulate and remain upon its right of way, and also in support of the allegations as to the negligent placing of the car of powder in an improper and exposed position, and maintaining it there for an unreasonable and unnecessary length of time. Whether such evidence would be admissible and available for any other purpose and to what extent, and whether by reason of such matters, if shown, the defendant railroad company would be liable, even though the evidence failed to establish that the fire was originally set out or caused by said defendant—questions which are elaborately and ably discussed by counsel for both sides in their briefs— we are not required to determine as the case is presented on this appeal. The complaint was framed upon the theory that the fire was set out or caused originally by the defendant railroad company, its employees or agents, and all of the testimony offered or received upon this branch of the case was in support of that theory and allegation. Upon the new trial, the evidence may be widely different, and it would not be proper for this court to express in advance its opinion upon questions of fact not presented, and which may not be hereafter.

6. Counsel also discuss at some length the question as to the meaning of the words, "set out or caused by operating its line, or any part thereof," which are in the fire statute, with reference to a determination of what acts, duties and obligations of a railroad company are embraced in or included by such words. As the case is presented, it is not necessary for us to pass upon this question. If the action were based wholly upon the statute, or if at the trial

the count based upon the statute had been permitted to remain in the complaint, this might have been very material, because under the statute the defendant railroad company could not have been held liable unless the fire had been set out or caused by operating its line, or some part thereof. Even in actions under the statute, however, there might be cases in which it would not be necessary to construe this language, as for instance where it was shown that a fire had been set out by fire or sparks from a locomotive of the railroad company actually engaged in moving a train along its line of road. In such case there could be no room for dispute that the fire was set out or caused by the operation of the road. This question, however, of statutory liability was entirely eliminated from the case by the ruling of the court. Under such circumstances it would be manifestly improper, even if possible, desirable and important though it might be in the trial of other cases, for this court to give a blanket construction of such language in advance of the presentation by evidence of the facts to which it must apply. When the facts are developed by the evidence, it might be found that the definition or construction given by the court would be wholly inapplicable to them—that they would be such as were not embraced in or included by it at all.

7. The court excluded the evidence of a witness tendered by plaintiffs to show the results of an examination made by him within a short time—a week or two after the fire—of the switch engine belonging to defendant railroad company, which was claimed to have passed on the track close to the place where the fire originated and was first discovered, and but a few minutes before its discovery, and fire from which was claimed to have caused the fire. In this we think the court erred. The time of the examination was not too remote, although of course the force

and weight of the evidence would have been dependent upon the nature of the imperfections and defects in construction, if any, and upon the ability of the plaintiffs to show by other facts possibly, reasonable grounds for the conclusion that such defects existed at the time of the fire. If the evidence had failed to show any defects in construction at the time of the examination, the defendant railroad company would not have been prejudiced. Presumably it was offered for the purpose of attempting to show defective construction or conditions existing at the time of the fire.

Plaintiffs offered testimony of several witnesses tending to show the setting out of fires at other times and places by other locomotives of the defendant railroad company, but it was excluded by the court. In this we think the court did not err. The case relied upon by appellants in support of their contention that the evidence was admissible does not in our opinion sustain it.—*Grand Trunk R. R. Co. v. Richardson*, 91 U. S. 454.

In that case, no particular locomotive was identified as the one that set out the fire. It might have been one out of many. The evidence, too, upon which the court in that case was commenting and which it held to be admissible, was offered in rebuttal by plaintiff, to contradict evidence introduced by the defendant railroad to show that it exercised care in the construction and operation of its engines generally. In this case the engine was identified. There was only one, if any, which could have caused the fire. In such case, the only pertinent inquiry was as to the construction and management of that particular engine. It might have had other engines which were faulty in construction, or its employees might have negligently handled other engines, but we do not see how in reason these facts would have been

any evidence that the particular engine in question, charged to have caused the fire, was faulty in its construction, or that it was negligently handled.—*Gibbons v. Railroad Co.,* 58 Wis. 339.

We of course do not mean to hold that such evidence would not be admissible in any case. There might be cases where it would be proper and competent, but under the facts presented in this case, for the reasons we have suggested, this is not one of them.

8. It is urged that even though in a suit for recovery of damages by the owner of property destroyed by fire set out or caused in the operation of a railroad, the common-law and statutory causes of action might be joined, yet it cannot be done in this suit, because the insurance companies are joined with the owner as parties plaintiff, and that hence the court did not err in striking out the first count of the complaint. In other words, it is claimed that the insurance companies cannot be subrogated to the owner's rights in an action where recovery is claimed solely by virtue of the statute. We do not understand counsel to challenge this right of subrogation where the loss was occasioned by the negligence or wrong-doing of another, and the common-law remedy is sought to be enforced. In such case, we believe the right to be very generally, if not universally, recognized.—2 May on Insurance, § 454; 2 Biddle on Insurance, §.1280, *et seq.;* Harris, Law of Subrogation, § 606; Sheldon, Subrogation, §§ 11, 230.

It has also been held in many adjudicated cases that this right of subrogation exists whether the fire is caused by negligence, or accidentally, within statutes imposing a liability in any event, which directly covers the case at bar.—See 2 Biddle, § 1281, and cases cited; *Hart et al. v. R. R. Corporation,* 13 Metc. (Mass.) 100.

In the case last cited, which was an action under a fire statute precisely similar to ours, the rule and the reason for it is thus forcibly expressed (p. 105):

"Now, when the owner, who *prima facie* stands to the whole risk and suffers the whole loss, has engaged another person to be at that particular risk for him, in whole or in part, the owner and the insurer are, in respect to that ownership and the risk incident to it, in effect one person, having together the beneficial right to an indemnity provided by law for those who sustain a loss by that particular cause. If, therefore, the owner demands and receives payment of that very loss from the insurer as he may by virtue of his contract, there is a manifest equity in transferring the right to indemnity, which he holds for the common benefit, to the assurer. * * * It follows as a necessary consequence, that if he first applies to the insurer, and receives his whole loss, he holds the claim against the railroad company in trust for the insurers. Where such an equity exists the party holding the legal right is conscientiously bound to make an assignment, in equity to the person entitled to the benefit, and if he fails to do so, the *cestui que trust* may sue in the name of the trustee and his equitable interest will be protected."

We have been referred to no cases holding the contrary. Of course, to enforce liability under the statute it may be well claimed and is required that the owner should be a party to the suit, because it is to him that the statute specifically gives the right of recovery and of indemnity. It is his right only which can be enforced, and it must be done in his name. In all cases the right of subrogation is based upon the doctrine that the contract of insurance is treated as an indemnity, and the insurer as a surety is entitled to all the remedies and securities of the assured, and to stand in his place, or upon doctrines of a simi-

lar equitable character.—2 May on Insurance, § 454; Harris, Law of Subrogation, § 13, *et seq.*

This being true, we see no reason why the right of subrogation should be denied in the one instance any more than the other, unless because of some prohibitory statute, or unless perhaps in the absence of any contract for subrogation the facts might be such as to negative the existence of any equities in behalf of the insurer. None of such possible exceptions, however, apply to this case. The authority upon which counsel for appellee depend for support of their position—a Colorado case—does not in our opinion sustain them.—*Home Ins. Co. v. Railroad Co.,* 19 Colo. 48.

In that case the remarks of the court upon which counsel rely were addressed to the contention by counsel for the insurance company that its cause of action was supported by strong equities. The court said that if such were the case, the facts showing such equities should have been pleaded, thus giving defendant an opportunity to controvert them, or to confess them, because where the liability existed by the mere force of the statute, the equity of the insurance company was not necessarily very strong, and in some instances it might be very slight, or even have no existence at all. Nowhere in that case as we read it, was it denied that an equitable right of subrogation might exist, much less was it denied or questioned even by the slightest implication that the right of recovery by the insurance company might exist by virtue of an express contract between the owner and the insurer, by assignment to the latter from the former. In the case at bar, each policy issued by the plaintiff insurance companies contained the following clause: "If this company shall claim that the fire was caused by the act or neglect of any person or corporation, private or mu-

nicipal, this company shall on payment of the loss be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such right shall be assigned to this company by the insured on receiving such payment.'' This was one of the express conditions upon which the policy was issued. It entered into and was a part of the contract of insurance at the time when it was made. It entered into the consideration when the insurance company took the risk, and in this respect takes the case entirely without the reasoning of the court in *Home Ins. Co. v. Railroad Co., supra,* as to why the equities of the insurance company might not be very strong in an action under the statute. It is not sought in this action to mulct the defendant railroad company in a double payment for damages. It seems to us immaterial to whom the defendant railroad company should pay the loss, if liable at all, whether to the owner or to the insurance company, provided that it be not required to pay it twice. It would be unreasonable to permit the owner to recover double payment of the damages occasioned by his loss, once from the insurance company, it being compelled to pay because of its contract of insurance, and once from the railroad company, it being liable by virtue of the statute. It would be equally unreasonable to permit the railroad company to have the benefit of the insurance. It should not lie in its mouth to say to the insurance company which has paid the loss, You took into consideration the great risk when you made the contract of insurance, and the statute gives to the owner only the right of recovery, and I, although the cause of the loss, will reap the insurance benefits. Nor should it be permitted to say to the owner, in a suit prosecuted in his name but for the benefit of the insurers, You have been indemnified for all loss once by payment

from the insurance company, and you should not be allowed to recover from us for the same loss, thereby securing double payment. We think it clear under the facts of this case, whatever the existing conditions might be in other cases which in equity would deny the right of subrogation to the insurance company, the position of counsel for appellee is untenable.

9. In directing a verdict for the defendant railroad company, the court gave as its reason that the railroad origin of the fire had not been satisfactorily proven,—that it had not been proven so as to exclude a probability of its having occurred in some other way. Upon this question we deem it neither necessary nor proper to pass. The errors of the court in the incipiency of and during the trial were so serious and so prejudicial to plaintiffs, both as to the character of the evidence which they were permitted to introduce and as to the manner of its introduction, that the conclusion is irresistible that they did not have a fair trial; and because in the new trial which must be had the evidence may be materially different. For instance, conceding that the evidence admitted was insufficient to prove the fact, this might have been otherwise if the court had not excluded testimony offered with regard to the examination into the condition of the switch-engine which was supposed to have originated the fire,—or might at least have been sufficient to have required the submission of the question to the jury. It is not improper, however, and in view of the subsequent trial to be had, it is probably just to both litigants, that we should briefly at least allude to the widely divergent and extreme positions taken by the respective parties as to the amount and character of evidence necessary to establish the railroad origin of fire in cases of this character. Appellants seem to assume that very slight testimony alone is sufficient to make at least a

*prima facie* case. To sustain them they rely upon *Railway Co. v. De Busk,* 12 Colo. 296. Appellees and the trial court assumed a position which went to the other extreme, and rely for their support upon *Stratton v. Railroad Co.,* 7 Colo. App. 126. In both cases the parties have been led astray by disconnected expressions and sentences used in the opinions rather in the line of argument, but not amounting to a positive decision. As very pertinent in this connection, we give a citation from the brief of appellees: "As was said in *Johnson v. Bailey,* 17 Colo. 69, 'It is not every remark in a judicial opinion that amounts to a judicial decision.' In *Cohens v. Virginia,* 6 Wheat. 97, Chief Justice Marshall said, 'It is a maxim not to be disregarded that general expressions in every opinion are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, and their possible bearing on all other cases is seldom completely investigated.' "—*Wadsworth v. Railway Co.,* 18 Colo. 600.

This citation applies with peculiar force to a question of this kind, where from the very nature of the case it is impossible to formulate a rule which will be applicable in all cases, and under all circumstances. In the De Busk case, the opinion was directed chiefly to a discussion of the constitutionality of the fire statute. It is true the court said that the evidence in that case was sufficient to warrant the inference that the fire was caused by a pass-

ing train of the defendant, but it did not detail the evidence nor the attendant circumstances and conditions from which the court or the jury was entitled to draw the inference that there was no other apparent cause for the fire. It is in another part of the opinion, and in the argument of another question, that the writer stated, "The origin of a fire has generally been held sufficiently established by inferences drawn from slight circumstantial evidence," but the opinion did not declare that to be the rule in this jurisdiction. It simply stated in the course of the argument that it had been so generally held. In the Stratton case it was sought to fasten the origin of the fire upon the railroad company, because there had been a fire at or about this place five days previous, which was claimed to have been caused by an engine. The contention of the plaintiff was based upon the bare supposition that this fire had been communicated to the bottom of a stack of hay and to a pile of manure, and had smouldered there during the five days, and had caused the second fire. As said by the court, the whole evidence appeared to have been entirely suppositious, there being none whatever of a positive or direct character. It was to this state of facts that the court addressed its remarks, upon which the appellees in this case place such strong reliance. As we have said, it is impossible to lay down any rule which will apply to all cases. Naturally, it must in a large majority of instances be circumstantial, but none the less it must be of sufficient strength and force, considering the surrounding circumstances and conditions, to justify a reasonable and well-grounded inference by reasonable men that the fire was of railroad origin. We do not consider, however, that it must be of such weight and force as to exclude every possibility of the fire having originated from some other cause. It may be said that it

must exclude every other probability, but this must be every other reasonable probability, and must be such as would arise from the evidence as to the facts and attendant circumstances and conditions. The plaintiffs should not be allowed to establish a fact which imposes a liability, nor the defendant escape a liability, by mere conjecture, not legitimately based upon facts, circumstances, and natural conditions shown by the evidence. The fact of the origin of the fire should be established like any other material fact in the case. The jury within certain limits may be permitted to infer the fact upon circumstances proved, but such proof should be amply sufficient to rebut the probability, considering the facts, circumstances and conditions of the particular case, disclosed by the evidence, of the fire having originated in any other manner. Especially would it seem to be proper that this should be the rule in actions under the statute, where the railroad company is held responsible regardless of any questions as to its want of care, or its negligence.

10. In the determination of this case we might ave contented ourselves with a judgment of reversal based upon the first error which we have considered, and not have discussed at all a number of questions upon which we have passed. In view of the fact, however, that there must be a new trial of this cause, and because, as stated by both counsel, there are a number of other suits pending growing out of the same fire, we thought justice to litigants required that we should pass upon these questions, they being properly presented in the case before us. We have most carefully endeavored, however, to avoid saying anything which might be prejudicial to either party in the determination of the questions which may arise in the retrial, which are not now before us on a complete statement of facts.

For the reasons given the judgment will be reversed and the cause remanded for a new trial in accordance with the views here expressed.

*Reversed.*