[No. 2198.]

RUCKER v. THE OMAHA AND GRANT SMELTING AND REFINING COMPANY.

1. **Practice—Inconsistent Positions—Election of Counts.**

Where plaintiff upon motion of defendant was required to elect which of two counts he would proceed upon, and defendant in making his motion and the court in acting thereon conceded that the count elected was upon contract, and throughout the trial the count was treated as upon contract, defendant will not be heard to say upon appeal, in order to secure an affirmance, that the count is in tort.

2. **Attachment—Action Upon Undertaking—Election of Counts.**

In an action upon an undertaking in attachment where plaintiff stated in one count a cause of action for the wrongful suing out of the writ and in another a cause of action for malicious prosecution in its issuance, it was error to require plaintiff to elect upon which of the two counts he would proceed.

3. **Practice—Election of Counts—Waiver.**

Where a plaintiff was erroneously required to elect as to which one of two counts he would proceed upon the error was not waived by going to trial upon the count so elected.

*Appeal from the District Court of Arapahoe County.*

Messrs. WELLS & CHILES, Mr. M. F. TAYLOR and Mr. JNO. G. TAYLOR, for appellant.

Messrs. THOMAS, BRYANT & LEE and Mr. E. HARVIE SMITH, for appellees.

GUNTER, J.

Appellant sued one of appellees, The Omaha and Grant Smelting and Refining Company, hereinafter designated as appellee, stating his cause of action in two counts. The first upon an undertaking in attachment for damages sustained in the wrongful suing out of the writ. The second for damages for malicious prosecution in its issuance. A general demurrer

to the complaint was overruled. Appellee then secured an order requiring appellant to elect upon which count to proceed. Thus compelled he chose the first, and thereon the case went to trial. There the court held that the evidence adduced failed to make a case against appellee on the cause of action pleaded. A judgment of nonsuit followed. Therefrom this appeal. Several reasons for reversal are urged. One, error of the court in requiring the election, is decisive. Appellee denies this was error and says if so, it was waived by plaintiff going to trial upon the remaining count.

On account of the condition of the record and possible future litigation we desire to be understood as confining this ruling to the one question stated, and in reaching our conclusion we assume that the first count of the complaint as originally constructed and as existing when the election was required was upon contract. That the second count was in tort has not been questioned. We make the assumption as to the first count without looking into its averments, because appellee in support of its motion to require the election conceded this count to be upon contract, and the court acted thereon in making the order. Throughout the trial below and in the original briefs, this count was treated as upon contract, and not until the oral argument of appellee was the point made that it was in tort. Appellee will not now be permitted in its effort to secure an affirmance to deny what it conceded in securing the order of election:

"The rule under discussion is no more than an application of the familiar doctrine of election which has its foundation in the old adage that 'a man cannot blow both hot and cold,' and hence there is nothing novel in it. The rule is one required by logic and practical considerations, since, without it, inconsis-

tent positions might be assumed without any other restriction than that of the party's pleasure. But it is something more than a mere logical rule for securing consistency, inasmuch as its principal purpose is to prevent deception, since, without it, parties might mislead their adversaries by assuming one position in the trial court and another on appeal. Nor could there be an orderly administration of justice without such a rule."—Elliott's Appellate Procedure, § 496. See also *Ib.*, §§ 489, 490 and 492.

Whether error was committed in making the order requiring an election between counts depends upon the application to the facts of section 49, Mills' Ann. Code, "The complaint shall contain  *  *  *  a statement of facts constituting the cause of action in ordinary and concise language without unnecessary repetition."

In *Cramer v. Oppenheimer,* 16 Colo. 504, 511, where three separate statements of the same cause of action were permitted, the court said:

"Duplicate statements for the same cause of action are not absolutely prohibited. They may sometimes be necessary and therefore permissible, as where there is a reasonable cause to believe that the plaintiff cannot safely go to trial upon a single statement. There may be circumstances under which the plaintiff cannot reasonably be expected to anticipate the evidence in advance of the trial."

In *Manders v. Craft,* 3 Colo. App. 236, plaintiff sued to recover for services rendered as a real estate agent, stating his cause of action in two counts. The trial court denied defendant's motion to require an election. In sustaining the ruling the court said:

"The obvious intention of the system of code pleading is that it shall be more equitable than that of the common law. To so construe as to render it more restrictive would defeat the intention."

In *Leonard v. Roberts,* 20 Colo. 88, 90, the cause of action was stated in two counts. The lower court refused an application for an order requiring an election. In the course of the opinion of affirmance it was said:

"It is sometimes impossible for the plaintiff to be certain in advance of the real ground of liability, and while double pleadings should be restricted within the narrowest limits possible without unnecessarily endangering plaintiff's rights, subjecting him to the danger of a nonsuit, in this case the trial court properly refused the defendants' motion to compel the plaintiff to elect upon which count he would proceed."

In *Whitney et al. v. The Chicago and N. W. Ry. Co.,* 27 Wis. 327 (cited with approbation in *Manders v. Craft,* and *Leonard v. Roberts, supra*), it is said:

"It might be difficult to tell in advance what the evidence would show in regard to the liability of the defendant, and what facts would appear on the trial. * * * It is said that plaintiff ought to understand his own case and that the code requires that he should state the precise facts constituting his cause of action as he expects to prove it on the trial. This, as a general rule, is undoubtedly true; but it is not always possible in a transaction of this character to ascertain the real ground of liability. The present action furnishes a good illustration of the correctness of this remark. Before the proofs were in it would be impossible to tell whether the defendant could be held to the liability of a carrier or only to that of a warehouseman. And as no substantial reason was shown for compelling the plaintiffs to elect upon what ground they would attempt to charge the defendant, the court, we think, was guilty of no abuse of discretion in refusing to grant the motion."

In *Wilson v. Smith,* 61 Calif. 209, 211 (approved

*Leonard v. Roberts, supra*) the cause of action was in two counts. The court declined to require an election. In affirming, the court, *inter alia,* said:

"Under our code, which provides that the complaint must contain 'a statement of facts constituting the cause of action, in ordinary and concise language,' the plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only."

At section 120, Bliss' Code Pleading, the author says:

"Affirmative provision is made for the union of different causes of action, and it is not required that they may be such causes that a recovery may be had upon each; nor would the joinder be such a repetition of facts as is forbidden. The facts in the two statements would not be the same. There may be actually two grounds for the action or, being only one, certain supposed grounds may be connected that the plaintiff may not be able to tell in advance which will be established upon the trial. The code will have failed in its chief object if he is forbidden to develop every ground upon which he bases his right of recovery."
—See also *Great Western Coal Co. v. Chicago G. W. Ry. Co.,* 98 Fed. (Cir. Ct. of Appeals, 8 Cir.) 274; *Rucker v. Hall,* 105 Calif. 425; *Crissey & Fowler Lumber Co. v. D. & R. G. R. Co.,* 17 Colo. App. 275, 68 Pac. 670-672.

Appellant, as a result of the attachment suit in which the undertaking was given and the writ issued, had a right to proceed against appellee upon the undertaking for damages sustained in the wrongful issuing out of the writ, and he also had the right to proceed against it for damages for malicious prosecution in the issuance of the writ. We do not say that he had the right to two judgments, or to more than one satisfaction for the wrong alleged, but only to

say that he had the two mentioned remedies. He did not know before trial how the court would rule upon the facts to be introduced in support of the first ground, or in the support of the second ground. This is evidenced in the progress of the case. The judge of one division before whom the case finally came held that certain evidence adduced did not make a case under the first count, and nonsuited for this reason, when a judge of another division had in effect held that the same evidence would make out a case under that count. It did not follow because appellant could not prove his case under the first count that he could not have established it under the second. To meet the evidence necessary to sustain the cause of action pleaded in the second count it was necessary to make certain averments which would have been impertinent to the allegations of the first count—for example, that the action was brought with malice and without probable cause. The second count was necessary to present a cause of action for malicious prosecution in suing out the writ. If this count had been in the complaint at the time of trial, and when the appellant was nonsuited upon the first count, he could then have had an opportunity to avail himself of his remedy through the second count, but as this had been stricken out by the court, his action was dismissed without his ever having had an opportunity to avail himself of the second count. The cause of action sued on accrued as long ago as 1890, and should the judgment of the court below be affirmed, even if appellee could not interpose the defense of *res adjudicata* in bar of an action now brought by appellant on the second count, appellant's remedy upon the cause of action stated therein would be barred by the statute of limitations. He would thus be deprived without fault on his part of ever having an opportunity to avail himself of the

remedy provided through the right to proceed upon the second count.

Appellant could not safely plead his cause of action in one count. He had a right to develop both counts upon which he based his right of recovery. The court denied him this right to his prejudice. The error so committed was not waived by going to trial on the remaining count. He did the only thing he could do.—*Great Western Coal Company v. Chicago G. W. Ry. Co., supra; Rucker v. Hall, supra.*

Judgment reversed with leave to the parties to amend their pleadings as they may be advised.

*Reversed.*